UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHELLE MASCARO | CIVIL ACTION |
| VERSUS | NO. 22-4287 |
| TOWER HILL PRIME INSURANCE COMPANY | SECTION M (1) |

## **ORDER & REASONS**

Before the Court is a motion to remand filed by plaintiff Michelle Mascaro.[1] The motion was set for submission on December 15, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance to be December 8, 2022. Defendant Tower Hill Prime Insurance Company ("Tower Hill"), who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 9.

[2] R. Doc. 10.

[3] Tower Hill removed the case on October 28, 2022, under 28 U.S.C. § 1332, contending that there is complete diversity and that Mascaro's petition for damages clearly establishes that the amount in controversy exceeds $75,000. R. Doc. 1 at 2. A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). A federal district court has original jurisdiction over civil actions where there is complete diversity among the parties and the amount in controversy exceeds $75,000. Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.* When a state court petition does not assert the amount of monetary damages, as is the case here, the defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). This can be accomplished "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that supports a finding of the requisite amount.'" *Id.* (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). It is not facially apparent from the pleadings that this Court has diversity jurisdiction over Mascaro's claims against Tower Hill. In support of removal, Tower Hill submits only a contractor's proposal estimating the cost of replacement of Mascaro's roof at $36,015.04, R. Doc. 1-4, but asserts that the "[p]enalties [Mascaro seeks] may be as much as two times the amount of damages." R. Doc. 1 at 4. Tower Hill does not offer any other justification for the conclusion that the amount in controversy requirement has been satisfied, and the Court

IT IS ORDERED that Mascaro's motion to remand is GRANTED.

IT IS FURTHER ORDERED that the above-captioned matter is remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 8th day of December, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

does not find that the speculative award of statutory penalties in this case makes it facially apparent that the amount in controversy exceeds $75,000.  Moreover, Mascaro submits "a binding, irrevocable stipulation confirming that she does not seek damages exceeding $75,000."  R. Doc. 9-2 at 1 (citing R. Doc. 9-4).  Accordingly, remand in this instance is proper.